■ LEO GORDON, Appellant-Respondent, v. HERMAN GINSBERG, Respondent-Appellant.— In an action for dissolution of a partnership, in which defendant has rendered an account pursuant to the direction of this court (*Gordon* v. *Ginsberg*, 22 A D 2d 944), the parties cross-appeal from separate portions of a judgment of the Supreme Court, Kings County, entered June 28, 1968 after a nonjury trial upon plaintiff's nine objections to the account. Plaintiff's appeal is from so much of the judgment as overruled his objections 1, 2 and 6 and limited the interest on the amount awarded to him. Defendant's appeal is from so much of the judgment as, with stated limitations, sustained the remaining objections and surcharged him accordingly. Judgment modified, on the law and the facts, as follows: (1) By deleting the figure "2" from subdivision 1 of the first decretal paragraph and adding thereto the following: "and his objection numbered 2 is hereby sustained"; (2) By deleting the amount of "$7,200.00" in the two places where it appears in subdivision 6 of the first decretal paragraph and substituting therefor the amount of "$1,200.00" in both places; (3) By deleting the amount of "$99,738.30" in the two places where it appears in the second and third decretal paragraphs and substituting therefor the amount of "$117,882.44" in both places; (4) By deleting the amount of "$50,537.33" in the two places where it appears in the third and fourth decretal paragraphs and substituting therefor the amount of "$68,681.47" in both places; (5) By deleting the amount of "$25,268.67" from the fourth decretal paragraph and substituting therefor the amount of "$34,340.74"; (6) By deleting from the fifth decretal paragraph the following: "as follows:" which appears after the direction that the amount in a certain savings account, plus accrued interest, "be paid", and substituting therefor the following: "to plaintiff; and it is further"; and (7) By deleting subdivision (a) of the fifth decretal paragraph and all of the sixth decretal paragraph; and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED that the defendant be and he hereby is directed to deliver or cause to be delivered to the attorneys for the plaintiff the bank book with respect to the said savings account plus a withdrawal slip in favor of the plaintiff signed by the defendant for the said balance of $25,640.49 plus the accrued interest thereon; and it is further ORDERED, ADJUDGED AND DECREED that the plaintiff be and he hereby is awarded judgment against the defendant in the sum of $8,700.25 plus interest at the rate of six percent (6%) per annum from the date of the entry of this judgment, June 28, 1968; and it is further". As so modified, judgment affirmed, without costs. In our opinion, the facts and circumstances in the entire record before this court and the overall concept of the partnership and the understanding between the parties reflected therein adequately substantiate plaintiff's claim that he is entitled to share in the management fees received by defendant from the real estate syndicates involved in the real estate transactions in which the parties were heretofore determined by this court to be partners (*Gordon* v. *Ginsberg*, 22 A D 2d 944, *supra*). We also find that defendant adequately substantiated his claim for loans to the partnership and his right to charge the partnership therefor, except to the extent of $1,200 which was eliminated in the initial accounting by defendant. We have also considered the proof with respect to the remaining items in dispute and are fully in accord with the disposition thereof at Special Term. Christ, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Martuscello, J., concurs, except as to the disposition with respect to plaintiff's objection numbered "1", and as to that votes to modify the judgment further by sustaining that objection, with the following memorandum: Since it is

clear from defendant's own testimony that the partners considered the income from their leather goods business and the income from 5 Westminster Road together in arriving at their drawings, defendant should be charged with the $36,500 he withdrew from the income of 5 Westminster Road. There is no substance to his contention that although he received that money as part of his drawings he may keep it without charging himself with it because after 1961 neither party had "any claim against the other with respect to said premises." To charge defendant with this drawing does not mean that a claim is being allowed against the premises. Accordingly it would not be in violation of the prior order of this court. Our prior order directed an accounting with respect to the leather goods business. The account was to include all income derived by defendant *in any form whatsoever* from the leather goods business. To fully comply with that order all drawings of the partners from partnership income must be considered. Here it appears that plaintiff withdrew $36,500 from the leather goods business income and defendant withdrew $36,500 from the 5 Westminster Road income at a time when the two incomes were considered as partnership funds. Accordingly both should be charged with their respective drawings.